UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEYWOOD HEALTHCARE, INC., | ) | Case No. 23-40817 |
| *et al.* | ) | |
| | ) | Honorable Elizabeth D. Katz |
| Reorganized Debtors. | ) | |
| | ) | (Jointly Administered) |

## SCHEDULING AND PRETRIAL ORDER
### (Contested Matter)

1. An evidentiary hearing on the "Stipulation Regarding Various Pavilion Ground Lease Matters" [Docket #1298] is scheduled for December 19, 2025, at 10:00 a.m. at 595 Main Street, Courtroom 3, Third Floor, Worcester, MA.

2. Unless otherwise ordered, the parties must comply with all obligations and deadlines set forth herein.

3. **Cooperation.** The parties and counsel must cooperate during all aspects of discovery. Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Completion of Discovery.** The parties may proceed with discovery. **Discovery must be completed by December 1, 2025**, unless otherwise ordered by the Court. Discovery shall include the right to pursue written and deposition fact discovery, including that of a corporate representative. The parties do not anticipate expert discovery but reserve the right to revisit this point.

5. **Joint Pretrial Memorandum.** Absent further order of the Court, **the parties are ordered to file a Joint Pretrial Memorandum by December 15, 2025.** The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1] The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

    a. A statement indicating the parties' attempts to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

    b. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

    c. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

    d. Facts to which the parties have stipulated.

    e. The issues of fact which remain to be litigated.

    f. The issues of law to be determined.

    g. A brief summary of each party's case.

    h. The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

    i. A list of witnesses whose testimony will be presented by means of a deposition.

    j. A list of exhibits, other than those to be used for impeachment, pre-marked in the order in which they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.

    k. A statement confirming that the parties have exchanged exhibits.

    l. If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

    m. Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits. Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

    n. An estimated length of trial.

6. **Exhibits and Demonstratives.**[3]

    a. <u>Trial exhibits must</u> be pre-marked and assembled in binders tabbed with the appropriate exhibit numbers.

---

[2] If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter. The Court cannot and does not supply interpreters.

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits. Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy at stephen_reynolds@mab.uscourts.gov.

4916-9884-8865.6

    b. Parties must bring sufficient copies of all exhibits and transcripts of deposition testimony to Court for trial so that copies are available for the Judge, the witness, the Law Clerk, all counsel, and all unrepresented parties.

    c. Written summaries and/or charts presented to the Court in conjunction with closing statements (as an aid and not as evidence) must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement. Closing summaries and/or charts may not include information which was not presented and admitted into evidence or through testimony during the trial.

7. **Valuation Testimony.** Unless otherwise ordered by the Court in advance or at trial, any expert testimony as to the valuation of assets may be presented in the following manner:

    a. The direct testimony of the expert will consist of his or her appraisal report, which shall be under oath. A copy of the report must be delivered to opposing parties at least 7 days before the date of trial.

    b. Cross-examination will be conducted as if the witness had testified to the contents of the report.

    c. If the opposing party wishes to challenge the qualifications of the expert, it may do so in cross-examination.

8. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

4916-9884-8865.6

Dated: August 25, 2025

/s/ Jennifer V. Doran
Jennifer V. Doran
**Hinckley, Allen & Snyder LLP**
28 State Street
Boston, MA 02109-1775
(617) 345-9000 (Phone)
(617) 345-9020 (Fax)
jdoran@hinckleyallen.com

*Counsel to Heywood Green Street, LLC, Waterstone Petersham Medical, LLC, and Waterstone Properties Group, Inc*

/s/ Brian I. Swett
Hanna J. Redd (BBO #705222)
**TROUTMAN PEPPER LOCKE LLP**
111 Huntington Avenue, 9th Floor
Boston, MA 02199
Tel: 617-239-0100
Fax: 617-227-4420
Hanna.redd@troutman.com

Brian I. Swett (*Pro Hac Vice* admitted)
Shawn R. Fox (*Pro Hac Vice* admitted)
Ha Young Chung (*Pro Hac Vice* admitted)
**MCGUIREWOODS LLP**
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Tel: 212-548-2100
Fax: 212-548-2150
bswett@mcguirewoods.com
sfox@mcguirewoods.com
hchung@mcguirewoods.com

*Counsel for Siemens Financial Services, Inc. And Siemens Public, Inc.*

/s/ Edward J. Green
Edward J. Green (*Pro Hac Vice* admitted)
David Goroff (*Pro Hac Vice* admitted)
Nora J. McGuffey (*Pro Hac Vice* admitted)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
egreen@foley.com
dgoroff@foley.com
nora.mcguffey@foley.com

Jake W. Gordon (*Pro Hac Vice* admitted)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
jake.gordon@foley.com

Alissa M. Nann (*Pro Hac Vice* admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
anann@foley.com

John M. Flick (#652169)
**FLICK LAW GROUP, P.C.**
144 Central Street, Unit 201
Gardner, MA 01440
Tel: (978) 632-7948
jflick@flicklawgroup.com

*Counsel to the Reorganized Debtors*

DATED:   August 25, 2025

*[signature: Elizabeth D. Katz]*
_____
HON. ELIZABETH D. KATZ
UNITED STATES BANKRUPTCY JUDGE

4

4916-9884-8865.6